**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK R. GOODMAN, ) | |
|                  Plaintiff, ) | Case No. 2:13-cv-00726-GMN-CWH |
| vs. ) | **ORDER** |
| COMMONWEALTH FINANCIAL SYSTEMS ) | |
|    INC., a/k/a Northeast Credit and ) | |
|    Collections, ) | |
|                  Defendant. ) | |

This matter is before the Court on Plaintiff's unopposed First Motion for Leave to File a Supplemental Complaint (doc. # 9), filed January 21, 2015.

Under Rule 15(d) of the Federal Rules of Civil Procedure, a court may, on reasonable notice and just terms, "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). Indeed, the Ninth Circuit has held that Rule 15(d) "provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed." Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010). "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988). Nevertheless, the supplemental pleading cannot be used to introduce separate, distinct, and new causes of action. Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). Courts have broad discretion to allow supplemental complaints under Rule 15(d), and may consider factors such as judicial efficiency, the assertion of new causes of action, and prejudice to a defendant in making these determinations. Keith, 858 F.2d at 473-75.

Rule 15(d) does not expressly state if and under what circumstances supplemental pleadings relate back to the original pleading for statute of limitations purposes. However, courts often apply "relation back" principles under Rule 15(c) to supplemental complaints. See <u>United States v. CMA, Inc.</u>, 890 F.2d 1070, 1073-74 (9th Cir. 1989). Moreover, when a supplemental complaint "raises claims unrelated to the allegations in the original complaint, or relies on conduct or events different from those pleaded in the original complaint, there is no relation back." <u>William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.</u>, 668 F.2d 1014, 1057 (9th Cir. 1982).

The Court finds no statute of limitations issue that would preclude Plaintiff from supplementing his complaint. Thus, the Court must now decide whether some relationship exists between those facts already asserted in Plaintiff's original complaint, and those newly alleged facts in Plaintiff's proposed supplemental complaint. In the instant motion, Plaintiff seeks to add facts of Defendant's "continued ...harass[ment]" of Plaintiff by way of phone calls Defendant purportedly made to Plaintiff from April to July 2013. Doc. # 9 at 2; Doc. # 10 at 14-16. This Court finds that a sufficient relationship exists between those facts asserted in the original complaint, and those newly alleged facts in Plaintiff's proposed supplemental complaint. This Court also finds that Plaintiff's newly alleged facts are related to his existing claims regarding Defendant's purportedly abusive and unlawful debt collection practices.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's unopposed First Motion for Leave to File a Supplemental Complaint (doc. # 9) is **granted**. Plaintiff is directed to file his supplemental complaint **no later than February 25, 2015**.

DATED: February 18, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2